# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD MICHAEL NICHOLSON,
>Appellant,

v.

DEPARTMENT OF HOMELAND
>SECURITY,
>>Agency.

DOCKET NUMBER
AT-1221-24-0550-W-1

DATE: January 29, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Turiello, Esquire, Charlottesville, Virginia, for the appellant.

Michelle McCluer, Esquire, Tae L. Kim, Esquire,
Aliya Levinstein-Kossover, Esquire, and William Parker, Esquire,
Arlington, Virginia, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant filed an appeal challenging a notice of proposed removal and removal decision.[2] Initial Appeal File (IAF), Tab 1 at 2. The administrative judge issued a jurisdictional notice informing the appellant of his burden to establish jurisdiction over an IRA appeal. IAF, Tab 3. The appellant did not respond. The administrative judge then issued an order to show cause again notifying the appellant of his burden. IAF, Tab 7. The record does not contain a response from the appellant. Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). The administrative judge found that the appellant did not nonfrivolously allege any disclosure or activity protected under 5 U.S.C. § 2302. ID at 4. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3, 6, 8.

---

[2] The appellant retired after the removal decision was issued. Petition for Review File, Tab 3 at 21.

We find no error in the administrative judge's conclusion that, based on the record before him, the appellant failed to establish jurisdiction over his IRA appeal. We discuss below the additional evidence and argument filed by the appellant on review.

Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). The appellant explained in his petition for review that he had trouble responding to the administrative judge's orders. PFR File, Tab 1 at 3-4. He asserts that he did not know until after the initial decision was issued that his response to the administrative judge's show cause order was not received. *Id.* He asks that the Board consider pleadings that he submitted to the regional office after the issuance of the initial decision. *Id.* at 4. However, any pleadings submitted to the regional office after the issuance of the initial decision were removed from the record, IAF, Tab 9 at 1, and the appellant's petition for review did not contain a copy of such pleadings. The appellant was notified on two occasions that the relevant documents were removed from the record, and he was thereafter afforded an opportunity to supplement his petition for review with any documents that he wished the Board to consider. *Id.*; PFR File, Tab 2 at 1 & n.1.

The appellant filed a timely supplement with several documents attached. However, those documents are already in the record and, therefore, are not new. IAF, Tab 1 at 6-22, Tab 6 at 17; PFR File, Tab 3 at 6-22; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (stating that evidence submitted on review that was included in the record below and considered by the administrative judge is not new). The appellant's assertions in his supplement to the petition for review relate to the merits of the removal decision and are not relevant to the issue of jurisdiction. PFR File, Tab 3 at 2.

We have considered that the appellant filed a reply to the agency's opposition to his petition for review, wherein he included, for the first time, evidence and argument pertaining to jurisdiction over his IRA appeal. PFR File, Tab 8 at 4-62. A reply is limited to the factual and legal issues raised by another party in the response to the petition for review; it may not raise new allegations of error. 5 C.F.R. § 1201.114(a)(4) (2024).[3] For this reason, and because the appellant has not made a showing that the evidence and argument was previously unavailable despite his due diligence, we decline to consider any new evidence and argument contained in the appellant's reply.[4] *See Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 5 n.3 (2015) (declining to consider new arguments that were first raised in a reply brief); *Avansino*, 3 M.S.P.R. at 213-14; 5 C.F.R. § 1201.114(a)(5), (k) (2024); 5 C.F.R. § 1201.114(a)(4), (k) (2025). Accordingly, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[3] Since the filing of the petition for review, this regulatory provision has been recodified at 5 C.F.R. § 1201.114(a)(3).

[4] For these reasons, we also deny the appellant's motion to file new evidence on review. PFR File, Tab 9 at 3.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.**  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.